IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL T. WILSON** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **NO. 13-61** |
| **MICHELLE PHERELL - WARDEN, et al.,** | : | |
| **Defendants.** | : | |

### O R D E R

AND NOW, this _____ day of _____, 2013, upon consideration of Defendants' Motion for Summary Judgment, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. It is further ORDERED that:

1. All claims against Warden Pherell, Captain Oakman, and Captain Waterford are dismissed with prejudice;

2. Plaintiff's claim for compensatory damages against all defendants.

BY THE COURT:

_____
Robreno, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL T. WILSON** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | NO. 13-61 |
| **MICHELLE PHERELL - WARDEN,** *et al.*, | : | |
| **Defendants.** | : | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c), Defendants, Warden Pherell, Captain Oakman, Captain Waterman, and the City of Philadelphia, hereby move this Honorable Court for an Order granting partial summary judgment in favor of the Moving Defendants, and enter the proposed order filed herewith.

In support of this motion, the Defendants incorporate by reference and rely upon the Memorandum of Law filed contemporaneously herewith.

Respectfully submitted,

/s/ *John J. Coyle*
JOHN J. COYLE
*Assistant City Solicitor*
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
John.coyle@phila.gov
Date: August 11, 2013            P: 215-683-5434 / F: 215-683-5397

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL T. WILSON** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **NO. 13-61** |
| **MICHELLE PHERELL - WARDEN,** | : | |
| et al., | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. Introduction

Defendants, Warden Michelle Pherell, Captain Oakman and Captain Waterford, by and through undersigned counsel, hereby file the following memorandum in support of their Motion for Partial Summary Judgment.

## II. Procedural and Factual History

Plaintiff, Michael T. Wilson, proceeding pro se, filed a Complaint on or about January 7th, 2013. See generally Compl. Plaintiff, while being held at the House of Corrections, located at 8001 State Road, Philadelphia, PA, 19136, alleges that from September of 2012 through December of 2012, he was not afforded the opportunity to attend the Muslim Religious Prayer Service, Jumu'ah.

Plaintiff alleges that he filed a total of three inmate grievance forms however has only provided a copy from November 2, 2012. See Compl. p. 5. Plaintiff was deposed on July 8, 2013. Now, Defendants file this Motion for Partial Summary Judgment.

## III. Standard of Review

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. Id. All inferences must be drawn, and all doubts resolved in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. Id. at 321, n.3; First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex, 477 U.S. at 322-24. The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989). Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and

inferences therefrom could result in a judgment for the non-moving party." <u>Schwartz v. Hospital of Univ. of Pa.</u>, 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993).  Furthermore, "[p]laintiff cannot "simply reassert factually unsupported allegations in its pleadings." <u>Poles v. St. Joseph's Univ.</u>, 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing <u>Celotex</u>, 477 U.S. at 325).  "Plaintiff must present affirmative evidence in order to defeat this properly supported motion for judgment." <u>Id.</u>

**IV. <u>Argument</u>**

    i. *All Claims against the Individual Defendants*

Plaintiff has adduced no evidence that Warden Michelle Pherell, Captain Oakman and Captain Waterford personally violated Plaintiff's rights, and therefore summary judgment should be granted in favor of the individual defendants.  A § 1983 lawsuit cannot succeed against a state actor in his individual capacity unless Plaintiff demonstrates that Defendant personally violated Plaintiff's rights. <u>Evancho v. Fisher</u>, 423 F.3d 347, 353-54 (3d Cir. 2005).  Plaintiff's claim fails where he can adduce no evidence that the officials were "involved in the acts complained of or that they were done with [those officials'] knowledge and acquiescence." <u>Gay v. Petsock</u>, 917 F.2d 768, 771 (3d Cir. 1990) (citing <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988)). The crux of Plaintiff's Complaint is that he was never afforded the opportunity to attend Jum'ah Prayer Service.  <u>See</u> Compl. p. 3.  At no point in time does Plaintiff offer any evidence to demonstrate that Warden Pherell, Captain Oakman, or Captain Waterford ***personally*** prevented Plaintiff from attending prayer service.  <u>See </u>Ex. A: Deposition of Michael Wilson <u>generally</u>. When asked to describe any interactions Plaintiff had with Warden Pherell, he responded that he had none.  <u>Id</u>. at 13:18-24.  When asked what interactions Plaintiff had with Captain Oakman, he responded that he complained to the Captain on two occasions that the Muslim inmates were not

receiving regular Jum'ah services. Id. at 10:2-17. Plaintiff admitted that other than those two conversations, he had no further contact with Captain Oakman. Id. at 13:1-5. Likewise, Plaintiff stated that the entirety of his interaction with Captain Waterford involved asking briefly about why Muslims were not having the Jum'ah services and the Captain responding that it was because no Imam had been coming up to the prison. Id. at 13:6-17. Plaintiff has adduced no evidence to demonstrate that the individual defendants were personally involved in preventing Plaintiff from practicing Islam. He seeks to hold the individual defendants liable because the Philadelphia Prison System was not providing him with Jum'ah services on a weekly basis. Id. at 14:1-10. Because there is no record evidence of the individual defendants personally preventing Plaintiff from practicing Islam, summary judgment should be granted in their favor.

  ii. *Compensatory Damages*

Plaintiff's failure to adduce evidence of more than a *de minimis* physical injury bars him from recovering monetary damages. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), provides a limitation on the award of monetary damages: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Third Circuit has routinely held the physical injury requirement of § 1997e(e) requires an inmate to prove more than a *de minimis* physical injury. Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003); Michel v. Levinson, 437 Fed. Appx. 160, 163-164 (3d Cir. 2011). Absent showing of more than *de minimis* physical injury, an inmate may not be awarded compensatory damages for mental or emotional injuries, even if there exist physical manifestations of the mental injuries. Davis v. Dist. of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998).[1] When an inmate can

---

[1] In Davis, the D.C. Circuit held physical manifestation of mental or emotional injuries was insufficient to clear the PLRA's physical injury hurdle. In support of its analysis the D.C. Circuit cited the Third Circuit case, Terrafranca

demonstrate only *de minimis* physical injury, or no physical injury at all, the inmate is limited to an award of nominal damages.  Mitchell, 318 F.3d at 533; Salley v. Pa. Dep't of Corr., 181 Fed. Appx. 254, 263 (3d Cir. 2006).  This limitation applies to First Amendment claims.  Allah v. Al-Hafeez, 226 F.3d 247, 250-51 (3d Cir.2000) (holding section 1997e(e) applies to First Amendment violations); Sisney v. Reisch, 674 F.3d 839, 843 (8th Cir. 2012) (holding the provision of PLRA barring prisoners from recovering for mental or emotional injuries while incarcerated without a prior showing of physical injury barred state prisoner's claim for compensatory damages against prison officials who allegedly violated his First Amendment free exercise rights.); Thompson v. Carter, 284 F.3d 411, 416 (2d Cir.2002) (concluding "[s]ection 1997e(e) applies to all federal civil actions including claims alleging constitutional violations"); Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001) (holding section 1997e(e) applies to First Amendment violations).  Because Plaintiff has adduced no evidence of a physical injury which would overcome the bar imposed by section 1997e(e), summary judgment must be granted as to all defendants on Plaintiff's compensatory damages claim.

## V.     Conclusion

For all of the foregoing reasons, Defendants are entitled to the entry of judgment in their favor.  Accordingly, Defendants request this Honorable Court enter the attached order.

Respectfully submitted,

John J. Coyle
Assistant City Solicitor

Date: August 11, 2012

---

v. Virgin Atl. Airways, 151 F.3d 108, 111-112 (3d Cir. 1991), which held that physical manifestation of emotional injuries did not satisfy the "bodily injury" requirement for recovery under the Warsaw Convention.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL T. WILSON** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | NO. 13-61 |
| **MICHELLE PHERELL - WARDEN,** *et al.*, | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I certify that on the date listed below, the foregoing Motion for Partial Summary Judgment was sent via First Class Mail to:

Michael Wilson
Inmate Number KY-4262
S.C.I. WAYMART
P.O. BOX 256
WAYMART, PA 18472-0256


Date: August 11, 2013         /s/ *John J. Coyle*
                             John J. Coyle, Esq.
                             City of Philadelphia Law Department
                             Civil Rights Unit
                             1515 Arch Street, 14th Floor
                             Philadelphia, PA 19102
                             (215) 683-5434