Civil Action No. 13-61

RECEIVED
SEP 6 2013

Affidavit of Michael T. Wilson, In Opposition
To Defendants Motion For Summary Judgement

Michael T. Wilson, being duly sworn according to law deposes and says:

1. I am plaintiff in this action.

2. In and throughout September 2012 thru March of 2013, I was continuously denied the opportunity to attend the Jumu'ah Prayer Services while incarcerated at the House of Corrections of Philadelphia.

3. Defendants, Warden Michelle Pharrell, Captain Oakman, Captain Waterford, and their Administration, and Prison officials, did deny me the right to attend the Jumu'ah Prayer Services while incarcerated at the House of Corrections on G-1 Housing Area.

4. Defendants, Warden Michelle Pharrell, Captain Oakman, Captain Waterford, their Prison Officials, and Administration are responsible and accountable because they allowed and obviously ordered that the Muslims, who were allowed to attend the Jumu'ah Prayer Services, be restricted to the D, E, F, side housing areas only.

5. Defendants Motion for Summary Judgement is denied because they should be held responsible and accountable for allowing this type of cruel and unusual punishment to be exercised within their prison; and because they allowed that this plaintiff Michael T. Wilson, and many other Muslims housed on the G1-G2 housing areas of the House of Corrections, First Amendment Rights be violated and their rights to free exercise of religion be violated.

6. Defendants Motion for Summary Judgement shall be denied because plaintiff Michael T. Wilson is unable to present by affidavit the facts essential to justify his opposition to defendants Motion for Summary Judgement, without an opportunity to call on other inmate witnesses and to

conduct discovery as to matters which are in the exclusive possession of the defendants.

7. Defendants Motion for Summary Judgement shall be denied because they violated plaintiffs right to attend a religious service that's essential to his claims and mandated by his faith.

8. The defendants Motion for Summary Judgement shall be denied because of Mr. John Coyle, City Solicitor and Mr. John Hopper Court Reporter's desperate and exaggerated attempt to try and show ignorance of the religion of Al-Islam on Plaintiffs part by changing the correct answers plaintiff gave in response to Mr. Coyle's questions pertaining to Islam to that of incorrect answers.
Please review video conference hearing tape and its audio.

9. The defendants Motion for Summary Judgement shall be denied because plaintiff now hereby states claims as how relief can be granted: plaintiff is entitled to punitive damages because punitive damages may be awarded based solely on Constitutional Violation, provided the proper showing is made. The purpose of punitive damages is to punish the defendants for their willful and malicious conduct and to deter others from similar behavior.

10. To grant defendants Motion for Summary Judgement would put this court in conflict with the other Courts of Appeals pertaining to this issue. The Federal Courts have held that a prisoner plaintiff was not barred under 1997 e(e) from asserting a claim of violation of his First Amendment Rights. See, Rowe v. Shake, 196 F.3d 778, 781-82 (7th Cir. 1999).

11. Defendants Motion for Summary Judgement shall be denied because the Court of Appeals for the Seventh Circuit held 1997 e(e) did not bar a claim by prisoner plaintiffs seeking nominal damages and declaratory relief for deprivation of their First Amendment Rights. Citing Canell, the court explained that a prisoner plaintiff is entitled to Judicial relief for violation of First Amendment Rights aside from any physical, mental, or emotional injury he may have sustained.

In sum, plaintiff holds that his claim for compensatory damages are barred by 226 F.3d 253 1997 e(e) but that his claims for nominal damages are not barred by that provision. Furthermore, to the extent that plaintiff Michael T. Wilson's claims for punitive damages are premised on the alleged violation of his rights to free exercise of religion rather than on any emotional or mental distress suffered as a result of the violation; and these claims are not barred.

12. These statements are true and correct to the best of my knowledge, information and belief.


Respectfully Submitted,

*Michael Wilson*

Michael T. Wilson #KY4262

*Michael Wilson*
8-28-13

CIVIL ACTION NO. 13/61

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing document(s) and any attachment(s) upon the person(s) and in the manner indicated below. This Proof of Service satisfies the requirements of Pa. R.Crim.P. 114 and Pa. R.Civ.P. 403.

DATE: AUGUST 23, 2013
JOHN J. COYLE, ESQ.
CITY OF PHILADELPHIA LAW DEPARTMENT CIVIL RIGHTS UNIT, 1515 ARCH STREET, 14th FLOOR
PHILADELPHIA, PA 19102
215-683-5443

☑ U.S. First Class Mail
☐ U.S. Certified Mail
☑ Other: _____

WARDEN MICHELLE PHARELL, DEFENDANT
8001 STATE RD. PHILADELPHIA, PA 19136

☑ U.S. First Class Mail
☐ U.S. Certified Mail
☑ Other: _____

CAPTAIN OAKMAN, DEFENDANT
8001 STATE RD. PHILADELPHIA, PA 19136

CAPTAIN WATERFORD, DEFENDANT
8001 STATE RD. PHILADELPHIA, PA 19136

☑ U.S. First Class Mail
☐ U.S. Certified Mail
☑ Other: _____

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT

PHILADELPHIA, PA 19106 9865

☑ U.S. First Class Mail
☐ U.S. Certified Mail
☑ Other: _____

8-28-13 — Michael Wilson

Respectfully Submitted,

Michael Wilson
Signature

DATE AUGUST 23, 2013
    Date

MICHAEL T. WILSON
Print Name

#KY4262 , S.C.I. Waymart
P.O. Box 256
Waymart, PA 18472-0256

COMMONWEALTH OF PENNSYLVANIA    COUNTY OF WAYNE

ON THIS 28TH DAY OF AUGUST, 2013 before me, the undersigned, a notary public in and for said county and state, personally appeared MICHAEL WILSON personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this AFFIDAVIT of MICHAEL T. WILSON, in opposition to defendants MOTION for SUMMARY JUDGEMENT.

WITNESS my hand and seal.

*[signature]*

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN K OSECKI
Notary Public
Waymart Boro, Wayne County
My Commission Expires Mar 8, 2016

MY COMMISSION EXPIRES: